EASTERN DIST.
February, 1832.

POWERS
vs.
STEAMBOAT
PATRIOT ET ALS.

The Criminal Court is without jurisdiction in a suit on a recognisance taken by it.

---

## POWERS vs. STEAMBOAT PATRIOT ET ALS.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where a party claims for services, and avers them to be worth *so much*, the defendant may, under the general issue, give evidence of a special contract between the parties.

The appellate court will not examine into the complaint of counsel as to errors of the court below, unless there be a prayer for relief.

This was an action to recover *the value* of plaintiff's services as engineer on board the steamboat Patriot, which the petition averred to be worth one hundred dollars per month.

The defendants pleaded the general issue and the want of an amicable demand. Upon this issue a commission was taken out by the defendants, but previous to its return, they filed a supplemental answer, setting forth a special contract

EASTERN DIST.
February, 1832.
_____
POWERS
vs.
STEAMBOAT
PATRIOT ET ALS. between the parties. As the testimony taken under the commission went to show a special contract, the plaintiff's counsel objected to its introduction on the ground that it was inadmissible under the pleadings. The objection was overruled, and the plaintiffs took a bill of exceptions. There was judgment in his favor for forty-five dollars, and costs for the defendants, from which the plaintiff appealed.

*Locket*, for appellant, cited 7 *Martin*, *N. S. p.* 300. *Stone et als.* vs. *Clifford*, 3 *Louisiana Reports.*

*Worthington*, for appellees.

*Martin, J.* delivered the opinion of the court.

The plaintiff and appellant complains that :

1. The District Court admitted evidence of a special contract for wages, which he claimed on a *quantum meruit*, and the general issue only was pleaded.

2. The defendants having taken a commission to examine witnesses on the issue offered by the original answer, filed a supplemental one by leave, in which they alleged the special agreement, and were permitted to establish it by testimony taken under the commission obtained before the filing of the supplemental answer ; and the court erroneously refused him costs.

<div style="float:left; width:25%;">Where a party claims for services and avers them to be worth *so much*—the defendant may under the general issue give evidence of a special contract between the parties.</div>

It does not appear to us the court erred. The appellant claimed wages as engineer of the boat, and averred he deserved one hundred dollars per month. The appellee denied this, and offered evidence that the appellant himself did not value his own service so highly, and had engaged to act for thirty-five dollars per month.

The evidence was, therefore, proper on the general issue.

The appellant has relied on the case of *Allen* vs. *Martin*, 7 *Martin*, *N. S.* 300, to support his first proposition. That case is the very converse of the present. The plaintiff claimed wages on a *special agreement*, and we concurred with the judge *a quo*, who refused leave to the defendants to show the *value* of the plaintiff's services.

The counsel has further relied on the case of *Stone et als.* vs. *Clifford,* lately determined in this court, but not yet printed. This case, however, does not appear to support him.

The appellant, in our opinion, failed in establishing the amicable demand.

The appellee's counsel has drawn our attention to some errors which he attributes to the court below; but as we have not found any prayer of his for relief, we have not examined his complaint.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.